OPINION OF THE COURT
Ira B. Harkavy, J.
Respondent originally leased the loft in question located in Noho as a photograph studio and joint residence by a lease dated May 15, 1980 effective as of May 1, 1980. The lease called for respondent to obtain a certification as an artist from the Department of Cultural Affairs of the City of New York. Respondent applied for the certificate in the spring of 1980 and in 1982. Both times the certification was refused.
After the Department of Cultural Affairs rejected the artist certification in 1982, petitioner terminated the lease on said grounds and commenced an action of ejectment in the Supreme Court, New York County. In May, 1983 Justice Kirschenbaum upheld the termination of the lease but stated that respondent became a month-to-month tenant requiring petitioner to serve a 30-day notice upon the respondent pursuant to section 232-b of the Real Property *500 Law with the matter being tried in the Civil Court Landlord and Tenant Part. (Another example of why merger of the courts would eliminate duplication.)
The loft involved herein is the fifth floor of a premises located in the Noho area of Manhattan which is zoned for joint living/work quarters for artists (M1-5B). The temporary certificates of occupancy issued in December, 1982, April, 1983 and August, 1983 show that all the floors above the third floor, except for respondent’s floor, are being used for joint living/work quarters for artists. The building department refuses to issue a permanent certificate of occupancy for the building since the occupant of the fifth floor (respondent) does not have a certification as an artist. The present temporary certificate of occupancy expires November 9, 1983. Building department directive No. 3 dated June 13, 1977 requires certification of all tenants as artists in order for the landlord in compliance with the zoning code for a certificate of occupancy to issue provided all other requirements are met.
Section E 3 of the loft board regulations promulgated on April 4, 1983 dealing with joint living/work quarters for artists states in part that “at the time of the issuance of the final certificate of occupancy, the occupant of such unit must be in full compliance with the Zoning Resolution or the unit must be vacant.” It is quite apparent that once the landlord is otherwise in full compliance with the building code, that the individual units must also comply with the zoning resolution sections dealing with joint living/work quarters for artists. Respondent has not been able to obtain certification as an artist by the Department of Cultural Affairs. As such his living quarters are in violation of the zoning resolution. (§ 42-140 [1] [f].)
Section 280 of the Multiple Dwelling Law states that the purpose of article 7-C (Interim Multiple Dwelling-Loft Law) is to prevent the undermining of the integrity of the local zoning resolutions and “that the intervention of the state and local governments is necessary to effectuate legalization, consistent with the local zoning resolution, of the present illegal living arrangements in such 'de facto’ multiple dwellings”. There is no way to legalize the prem *501 ises herein within the zoning resolution unless the respondent herein obtains artist certification or is removed from the premises. If section G 1 (b) of the loft board regulations appears to be in conflict with section 280 of the Multiple Dwelling Law or section E 3 of the loft board regulations, the Multiple Dwelling Law should prevail, and section G 1 (b) should be nullified or disregarded in these cases as exceeding the authority of the loft board.
Final judgment of possession for petitioner. The warrant to issue forthwith with execution of the warrant stayed to and including November 9,1983. In the event that respondent obtains artistic certification by November 9, 1983 the warrant shall be stayed sine die as per RPAPL 753 (subd 3).
The prior rent for the premises was $1,150 per month. The petition requests rental for July and August, 1983 and use and occupation thereafter at the rate of $1,150 per month. The use and occupation for the premises is set at $1,150 per month.
Respondent is to pay $2,300 rent for the months of July and August, 1983 and $2,300 for use and occupation for September and October, 1983 on or before October 31, 1983. If said $4,600 is not paid petitioner as directed, petitioner may accelerate the execution of the warrant upon submitting an affidavit of nonpayment to the court of three days’ written notice to respondent and his attorney. Petitioner is relegated to a separate plenary suit (or nonpayment proceeding if one is pending) as to any back rent prior to July 1, 1983.